FILED
SUPERIOR COURT
OF GUAM

2024 JUL 25 PM 5: 13

CLERK OF COURT

BY:_____SMA_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RENERIO H RAMOS,<br><br>              Plaintiff,<br><br>    vs.<br><br>PACIFIC DEVELOPMENT<br>CORPORATION,<br><br>            Dèfendant. | CIVIL CASE NO. CV0416-23<br><br><br>**DECISION AND ORDER**<br>Re: Motion to Dismiss Defendant's<br>Counterclaims |

This matter came before the Honorable Arthur R. Barcinas on May 9, 2024 for a hearing upon Defendant Pacific Development Corporation's ("PDC") Motion to Dismiss ("Motion"). PDC was represented by Attorney Rachel Taimanao-Ayuyu, and Plaintiff Renerio H. Ramos ("Plaintiff") was represented by Attorney Brad Huesman. Upon consideration of the parties' arguments, the Court **GRANTS** the Motion.

### BACKGROUND

PDC is a corporation organized under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI"), but is owned and managed by Derrick Muna Quinata, who resides on Guam. On or about December 3, 2019, Plaintiff agreed to lend five hundred thousand dollars ($500,000.00) to PDC, with the intent to be repaid in the future upon demand. Compl., at ¶ 9 (July 13, 2023). Plaintiff alleges that he delivered said amount via personal check to Quinata in his office at the Guam Auto Spot location in Hagatna. *Id.* at ¶ 6. A copy of the $500,000.00 personal check allegedly issued to PDC was attached to Plaintiff's Complaint. Compl., Ex. A.

Plaintiff alleges that, on September 2021, Plaintiff informed PDC that repayment was necessary. *Id.*, at ¶ 10. According to Plaintiff, the parties agreed that PDC would be allowed to

repay Plaintiff in payments of $5,000.00 every month, beginning on October 1, 2021. *Id.*, at ¶ 11. Plaintiff alleges that PDC failed to pay according to this schedule, and that, on February 14, 2023, Plaintiff delivered a written demand to PDC for payment. *Id.*, at ¶¶ 13-14. Plaintiff alleges that PDC had not made any payment as of the time of the Complaint, July 13, 2023. *Id.* at ¶ 15.

On July 13, 2023, Plaintiff filed its Complaint, seeking relief for breach of contract and for money had and received. On August 10, 2023, PDC filed a motion to dismiss the Complaint pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(1),(2), and (6), which the Court denied on February 12, 2024.

On February 22, 2024, PDC filed an Answer and Counterclaim, alleging claims against Plaintiff for breach of contract and unjust enrichment, based on a separate alleged $775,000 contract between Plaintiff and Quinata for real estate development.

On March 15, 2024, Plaintiff filed the instant Motion to Dismiss ("Motion") pursuant to GRCP 12(b)(1) and GRCP 13, arguing that:

- PDC lacks standing to pursue its breach of contract claim because PDC seeks damages owed to Quinata, who is allegedly a non-party; and if Quinata is found to be a non-party in this matter, PDC's breach of contract claim is also improper under GRCP 13;

- PDC similarly lacks standing to pursue its unjust enrichment claim because it seeks damages owed to Quinata; and

- the Court should award Plaintiff attorney's fees and costs for filing.

On April 19, 2024, PDC filed its opposition, arguing that:

- Quinata is an authorized agent of PDC;

- PDC has standing to pursue the counterclaims;

- the counterclaims meet the requirements of GRCP 13;

- leave to amend counterclaims is favored over dismissal; and

- attorney's fees should not be awarded.

On May 1, 2024, Plaintiff filed a reply, arguing that:

- Quinata's status as an agent of PDC is true but irrelevant;

- PDC and Quinata confuse or misapprehend standing under Guam law;

- the counterclaims do not meet GRCP 13;

- amendment would be futile; and

- attorney's fees should be awarded.

## DISCUSSION

Plaintiff is bringing the instant Motion to Dismiss pursuant to GRCP Rules 12(b)(1) and 13. GRCP Rule 12(b)(1) allows a court to dismiss a complaint for lack of jurisdiction over the subject matter. Guam R. Civ. P. 12(b)(1). A court's lack of subject matter jurisdiction over an action may be raised at any time, including after trial has concluded and for the first time on appeal, and may not be waived or excused by the parties. *Teleguam Holdings, LLC v. Territory of Guam*, 2018 Guam 5 ¶ 19; *Taitano v. Lujan*, 2005 Guam 26 ¶ 21.

When a party lacks standing, the Court is without subject matter jurisdiction to hear a claim. *Guam Mem'l Hosp. Auth. v. Superior Ct.*, 2012 Guam 17 ¶ 8. Standing is a threshold jurisdictional matter, and therefore may also be raised at any stage of the proceedings, including for the first time on appeal. *Lujan*, 2005 Guam 26 ¶ 15. The question of standing to sue goes to the existence of a cause of action against the defendant. *Id.* Common-law constitutional standing requires proof of three elements:

(1) A party must show it has suffered an "injury in fact."

(2) A party must show causation in that the injury can be fairly traced to the challenged action taken by the defendant.

(3) A party must show redressability, meaning that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained. *Guam Mem'l Hosp. Auth.*, 2012 Guam 17 ¶ 10.

The injured party bears the burden of proof with respect to the three elements of standing. *Id.* A statute may also confer standing upon a litigant where common-law standing would otherwise be lacking. *Id.* ¶ 21. When the Legislature confers standing in this manner, litigants are excused from proving a special injury, or injury in fact, ordinarily required for common-law standing. *Id.*

Pursuant to GRCP 13(a), governing compulsory counterclaims, a pleading shall state as a counterclaim "any claim which at the time of serving the pleading the pleader has against any

opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Guam R. Civ. P. 13(a). But the pleader need not state the claim if:

(1) at the time the action was commenced the claim was the subject of another pending action, or

(2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim" under GRCP 13. *Id.*

Pursuant to GRCP 13(b), governing permissive counterclaims, "[a] pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Guam R. Civ. P. 13(b).

Finally, pursuant to GRCP 13(h), governing joinder of additional parties, "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Guam R. Civ. P. 13(h).

Plaintiff moves that both counts of PDC's Counterclaim should be dismissed on the grounds that: (1) PDC lacks standing because it seeks damages owed to Quinata; and (2) Quinata is not a party to this matter, and therefore both counts asserted on behalf of Quinata are improper under GRCP 13. PDC argues that the Counterclaim should not be dismissed, on the grounds that Quinata allegedly has standing as an agent of PDC, and that the Counterclaim does not violate GRCP 13 because Plaintiff "sued PDC...through its sole owner, Derrick Quinata." Opp., at 4. Upon consideration of the record, the arguments, and the applicable law, the Court **GRANTS** the Motion for the following reasons.

## I. PDC lacks standing to bring a breach of contract claim based on alleged injury to Quinata.

Plaintiff asserts that PDC, as defendant in this case, has not suffered any injury related to the alleged breach of contract claim, and thus has no standing to pursue that claim. Plaintiff

argues that Quinata is a separate entity from PDC and that PDC is not asking for damages owed to itself, but to Quinata.

The plaintiff contends that even if the court determines that subject matter jurisdiction exists, the breach of contract claim would still be unsuccessful. This failure arises because the claim does not satisfy the criteria outlined in GRCP 13(b). Specifically, the plaintiff argues that PDC (the defendant) violated GRCP 13(b) by not including Quinata as a party in this case. Consequently, PDC cannot assert a claim on Quinata's behalf. The court concurs with this argument.

According to GRCP 13(b), a counterclaim can only be filed against an opposing party. Quinata has not positioned himself as a defendant in this case or sought to be part of it. However, PDC now contends that Quinata and PDC should be treated as a single entity for this lawsuit. The Court remains unconvinced. In a previous Motion to Dismiss, PDC argued that it lacked personal jurisdiction because it was based in Saipan, even though Quinata conducted business in Guam. If PDC genuinely considered themselves a single entity for this case, they would have acknowledged the Court's jurisdiction based on Quinata's presence in Guam. PDC cannot take inconsistent positions at various stages solely for its benefit.

PDC further argues that Quinata was their agent when he entered into his real estate contract with Plaintiff, stating that "Quinata, acting in his capacity as an authorized agent of PDC, performed his duties in line with the business arrangement between [PDC] and the Plaintiff." Opp., at 2. PDC further argues that Quinata possessed both actual and apparent authority to deal with Plaintiff on PDC's behalf, because "both actual and ostensible authority may be implied if the principal's conduct causes anyone to believe that authority has been conferred upon the agent." *Id.* (citing *Leong v. Deng*, 2002 Guam 2). The Court does not find this argument compelling. In sum PDC argues that Quinata was acting as an agent on behalf of PDC because he demonstrated actual and ostensible authority. "Actual authority is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." 18 GCA § 20213. "Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to

believe the agent to possess." 18 GCA § 20214. PDC does not provide anything in the Counterclaim to indicate that Quinata held himself out as PDC's agent, that PDC held Quinata out as its agent, or that Plaintiff knew or should have known that said real estate consulting services were being performed on behalf of PDC, a company involved in a completely different industry. Thus, the Court cannot conclude or even find any relevance to the matters before the court to find that Quinata actual or ostensible authority as PDC's agent in his contract with Plaintiff.

Further, even if Quinata were acting as an agent of PDC, per 18 GCA § 20402, "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency ... [w]hen, with his consent, credit is given to him personally in a transaction." Thus, when credit is given to a purported agent in a transaction, the agent effectively becomes the "principal" for the purposes of that transaction. The Court interprets this to mean that none of the benefits or burdens that the agent derives from that transaction are then imputed to the actual principal.

The Court finds the record to show that credit was given to Quinata alone in the contract between himself and Plaintiff. Even in PDC's Counterclaim, the language regarding the contract between Quinata and Plaintiff stated that "Quinata would be paid," that "[Plaintiff] owe[d] Quinata approximately ... $775,000.00," that "[Plaintiff] breached the agreement when he failed to pay Quinata," and that, "[b]ecause of [Plaintiff's] breach, Quinata is damaged in the amount of ... $775,000.00". Countercl., at 4-5. All proceeds from the contract were to be made out to Quinata. Nothing in the Counterclaim indicates that any payment was expected to be made to PDC, or directed to PDC after payment to Quinata. Thus, the Court finds that PDC is not entitled to seek any relief for Quinata's purported damages, because the credit was given to him personally in that transaction and thus all consequences of that transaction fall to him alone. Without the existence of an agency relationship, Quinata's contract with Plaintiff is otherwise unrelated to PDC's instant contract with Plaintiff. Therefore, the Court finds that any agency relationship between Quinata and PDC is irrelevant because, based on the pleadings alone, none of Quinata's actions as a realtor were in furtherance of PDC's benefit as a principal. This again

highlights the fact that PDC lacks standing to bring a counterclaim for Quinata's alleged damages.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion, and further grants PDC leave to amend their Counterclaim within thirty (30) days from the date of this order.

**IT IS SO ORDERED** ‌JUL 2 5 2024

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam